**Sim & DePaola, LLP**
Sang J Sim, Esq.
psim@simdepaola.com
4240 Bell Blvd, Suite 405
Flushing, NY 11361
Tel: (718) 281-0400
*Attorneys for Plaintiffs and the
Putative FLSA Collective*

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAIERA GULAMOVA, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>-against-<br><br>ACCENTCARE OF NEW YORK, INC. d/b/a ACCENTCARE, and STEPHAN RODGERS<br><br>Defendants. | **COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

### INTRODUCTION

1.  Plaintiff, SAIERA GULAMOVA ("Gulamova") bring this action, individually and on behalf of all other collective persons similarly situated (collectively as "Plaintiffs"), against Defendant ACCENTCARE OF NEW YORK, INC. d/b/a ACCENTCARE ("Accentcare"), a provider of home health care for the elderly and infirm in and around the City of New York, and Defendant STEPHAN RODGERS ("Mr. Rodgers") (collectively as "Defendants"), the Chief Executive Officer of Accentcare, to seek redress for systematic underpayment of spread of hours and overtime wages, failure in provide wage notices and failure in keeping accurate employment records.

2. Defendants, by failing to maintain and preserve proper records required by law, failing to pay Plaintiffs correct overtime wages at one and one half times the basic minimum hourly rate for all hours worked in excess of forty (40) per work week, failing to pay the "spread of hours" premium required by law, failing to provide quality employment opportunity without discrimination, violated, *inter alia*, Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§206, 207 et seq, New York Labor Law ("NYLL"), §§232, 239 et seq, New York Human Rights Law ("NYCHRL"), New York Executive Law, Article 15 §§ 291, 296 et seq, New York City Administrative Code ("NYCAC") Chapter 1 §§ 8-107 et seq, New York Comp. Codes R. & Regs.("NYCCR") and other applicable regulations.

3. On her own behalf and on behalf of the Collective Members, Plaintiff seek unpaid wages, liquidated damages, pre and post judgment interests and attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district and Defendants maintain a business location in this district.

## THE PARTIES

6. Plaintiff Gulamova was and still is a resident of the County of Kings, State of New York.

7. Plaintiff Gulamova was an employee of Defendants, Accentcare and Mr. Rodgers, who providing personal care and assistance to disabled and elderly clients of Defendants.

8. At all times relevant to this Complaint, each Plaintiff is a "person" and a "employee" within the meaning of Fair Labor Standards Act, 29 U.S.C. §203(e), New York Labor Law §§190(2), 651(5), New York State Executive Law §292 and New York City Human Rights Law §8-107. New York Comp. Codes R. & Regs. tit. 12 § 141-3.2

9. At all times relevant to this Complaint, Defendant ACCENTCARE OF NEW YORK, INC. d/b/a ACCENTCARE ("Accentcare") was and is a New York Corporation which maintains its business address at 695 Dutchess Turnpike, Suite 107, Poughkeepsie, New York, New York, 12603.

10. At all times relevant to this Complaint, Defendant Accentcare was doing business within the City of and State of New York and maintains multiple offices in Brooklyn, Bronx and Yonkers of State of New York.

11. At all times relevant to this Complaint, Defendant Accentcare was and still is engaged in providing nursing and home health aide services at the residence of its clients.

12. At all times relevant to this Complaint, Defendant Accentcare expected or should reasonably have expected its acts and business activities to have consequences within the State of New York.

13. Upon information and belief, Defendant Mr. Rodgers, is the individual who is believed to be the owner, manager, principal or agent of Defendant Accentcare and through its corporate entity or sole proprietorship operated the nursing home business and is responsible for the labor law compliance by Defendant Accentcare, as well as legal compliance generally.

14. At all relevant times, Defendants was and still is an "employer" within the meaning of employed Plaintiffs as defined by Fair Labor Standards Act, as amended, 29 U.S.C. §§203 et seq, New York Labor Law §§ 651 (6), New York State Executive Law §292(5), New York City Human Rights Law §8-102 and other applicable regulations.

15. At all relevant times, Defendants are associated and joint employers, since they collectively acted in the interest of each other with respect to all employees including the Plaintiff and other similarly situated employees, paid employees by the same method, and each of the Defendants shared control over all of the employees.

16. Upon information and belief, at all relevant times, the Defendant Accentcare have had gross revenues in excess of $500,000.00.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17. Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings her Frist to Fourth Causes of Action as a collective action under the FLSA on behalf of herself and the following collective: All persons employed by Defendants at any time since July 7, 2021 and through the entry of judgment in this case ("Collective Action Period") who worked as employees providing personal care and assistance to disabled and elderly clients of Defendants (the "Collective Members").

18. A collective action is appropriate in this circumstance because Plaintiffs and the Collective Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay the legally required minimum wage for all hours worked and pay overtime premiums for hours worked in excess of forty (40) hours per week. As a result of these policies, Plaintiff and the Collective Members did not receive the legally required overtime premium payments for all hours worked in excess of forty (40) hours per week.

19. Plaintiffs and Collective Members have similar job duties and were paid pursuant to a similar, if not the same, payment structure.

## STATEMENT OF FACTS

20. Plaintiff Gulamova is a Muslim female immigrant from Uzbekistan.

21. At all relevant times, Defendants have been in the home and personal care business. Upon information and belief, Defendants currently own, operate and manage four (4) home care centers within State of New York including borough of Bronc, Brooklyn, Yonkers and Poughkeepsie.

22. According to the New York Department of State – Division of Corporations filings, Defendant Mr. Rodgers is the Chief Executive Officer of Defendant Accentcare.

23. According to the "About" section on Defendants' webpage "Accentcare operates over 260 sites across 31 states and employs more than 31,000 qualified professionals." (https://www.accentcare.com/about/).

24. Plaintiffs were at all relevant times home attendants employed by Defendants at their Brooklyn site within New York City providing personal home health care and assistance to Defendants' disabled and elderly clients in their homes.

25. Plaintiff Gulamova worked for Defendants as a home attendant from around July 17, 2021 to February 25, 2022 approximately eight (8) months.

26. Plaintiff received training education for three (3) days before she started working for Defendants' clients which are paid-time training promised by defendants.

27. Plaintiff Gulamova never received any wage payment for her three (3) days training.

28. While employed by Defendants, Plaintiff Gulamova provided services to their homebound elderly and disabled clients. Her job duties included, but were not limited to the

following: personal grooming, meal preparation, feeding and toileting; heavy and light cleaning, such as vacuuming, mopping, dusting, cleaning windows, cleaning bathrooms, doing laundry and taking out garbage; shopping; running errands; and escorting clients.

29. Plaintiff does not "live in" the homes of Defendants' clients and is not an "except company" and thus she is not statutorily exempt from coverage under the FLSA, NYCRR. tit. 12 § 142-2.2 and other applicable regulations in effect at the time of her employment.

30. While employed by Defendants, Plaintiff worked more than 40 hours per week.

31. A single shift equals 46 hours of work. However, Plaintiff continuously worked 1.5 shifts per week, for a total of approximately 69 hours per week, which consist of around 40 hours regular and approximately 29 hours of overtime.

32. Plaintiff was paid a flat regular rate at $17.40 per hour, and overtime rate at $26.10 per hour.

33. At all relevant times, Defendants had and continues to have a practice and policy of assigning employees to work extensive overtime hours but inputting far less hours worked into their payroll system in order to systematically underpay their workers.

34. At all relevant times, Defendants willfully entered lower number of hours worked in order, which result in unpaid overtime wage claim.

35. Plaintiff was only paid approximately 6 hours overtime wages on average, per week, which equals a short fall of 23 hours overtime wages per week while she was employed by Defendants.

36. At all relevant times, Defendants were and are required to establish maintain and preserve accurate time records of wages paid, for not less than three years, records that show for each employee, among other information, the number of hours worked daily and weekly, including

the time of arrival and departure of each employee, for not less than two years, under Fair Labor Standards Act.

37. Upon information and belief, Defendants failed to maintain and preserve such accurate time records correctly and failed to record the actual hours that Plaintiff in fact had worked.

38. At all relevant times, Defendants were and are required to establish, maintain and preserve accurate time records as well as records of wages paid, for not less than six years, weekly payroll records that shows each employee working a split shift or spread of hours exceeding ten (10), under New York Labor Law §195 and New York Comp. Codes R. & Regs. § 142-6.

39. Upon information and belief, Defendants failed to maintain and preserve such records and did so deliberately and intentionally

40. Plaintiff and other Collective Members never received the "spread of hours" premium of one additional hour at the minimum wage rate for the days in which they worked over 10 hours, in violation of Chapter 12 New York Comp. Codes R. & Regs. § 142-2.4.

41. While employed by Defendants, Plaintiff was assigned to provide home care services to male clients in their home where she has to stay with a male in one room while providing the services. Because of her muslin religion, Plaintiff respectfully requested reasonable accommodations to work only for female clients. However, Defendants denied her reasonable request and alleged that "this is your job" and then continuously assigned her male clients.

42. Upon information and belief, Defendants engaged in unlawful discriminatory practices against Plaintiff by denying Plaintiff's reasonable request due to her religion.

43. While employed by Defendants, Plaintiff made several complaints to Defendants with respect to the shortage in entry of actual working hours in the payroll time card system,

underpayment of overtime wages and demanded that she be paid correctly and accurately for the hours that she actually worked from Defendants.

44. After complaining of wage shortfalls, she was subjected to retaliation.

45. While employed by Defendants, as a pre-text, Plaintiff was commanded to get a COVID-19 booster vaccination even though Plaintiff was already vaccinated. However, Plaintiff complied.

46. After Plaintiff received the booster vaccination, she returned to work but was told that there is no work for her, which is retaliation for the complaints that she made.

47. In February, 2022 Plaintiff was forced to stop working for Defendant because Defendant claimed they had no work for her. This is in retaliation for her complaining about the shortfalls in the wages she received.

48. Upon information and belief, Plaintiff suffered unlawful retaliation from the Defendants by wrongful termination her employment without good cause or any reason.

49. At all relevant times, Defendants were and are required to post a notice in a conspicuous place in its embellishment a notice issued by the Commissioner of Department of Labor, summarizing minimum wage provisions. On information and belief, Defendant failed to post such a notice.

50. Defendants' action as described herein were intentional and not made in good faith.

### AS AND FOR A FIRST CAUSE OF ACTION
### (IN VIOLATION OF THE NEW YORK LABOR LAW)

51. Plaintiff realleges and repeats Paragraphs 1 through 47 of this Complaint as if fully set forth herein.

52. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

53. Defendants failed to provide Plaintiff with written notice, in English and in Uzbek, of her rate of pay, employer's regular pay day, and such other information as required by New York Labor Law §195(1).

54. Defendants willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each workday that exceeded ten (10) or more hours.

55. Defendants knowingly and willfully operated their business with a practice and policy of assigning employees to work more than 40 hours per week and deliberately reducing the actual hours worked into its payroll system and as a result, failing to properly pay and compensate employees for all overtime hours worked, in violation of the New York Labor Law.

56. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other similarly situated employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

57. Due to the Defendants' New York Labor Law violations, Plaintiff and other similarly situated employees are entitled to recover from Defendants their unpaid overtime, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

### AS AND FOR A SECOND CAUSE OF ACTION
### (IN VIOLATION OF FAIR LABOR STANDARDS ACT)

58. Plaintiff realleges and repeats Paragraphs 1 through 57 of this Complaint as if fully set forth herein.

59. At all relevant times, Defendants employed Plaintiff and other similarly situated employees within the meaning of the FLSA.

60. Upon information and belief, at all relevant times, Defendant Accentcare has had gross revenues in excess of $500,000.00.

61. At all relevant times, the Defendant had a policy and practice of assigning employees to work well in excess of 40 hours per week but systematically reduced the numbers worked in its payroll system to deliberately underpay Plaintiff and other FLSA Collective Members for their true hours worked in excess of forty (40) hours per week.

62. Defendants failed to pay Plaintiff and FLSA Collective Members overtime compensation for the hours worked.

63. Defendants willfully and knowingly reduced the number of hours worked in its payroll system as opposed to the actual hours worked.

64. Defendants knew of and/or showed a willful disregard in failing to fully compensate Plaintiff and FLSA Collective Members at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week.

65. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA. No notification, either in the form of posted notices or other means, was ever given to Plaintiff regarding overtime and wages under FLSA.

66. As a direct and proximate result of Defendants' willful disregard of the Plaintiff's and FLSA Collective Members' right under FLSA, Plaintiff are entitled to liquidated damages pursuant to the FLSA.

67. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Members suffered damages, plus an equal amount as liquidated damages.

68. Plaintiff and FLSA Collective Members are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C §216(b).

### AS AND FOR A THIRD CAUSE OF ACTION
### (IN VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW AND
### NEW YORK CITY ADMINISTRATIVE CODE CHAPTER 1 §§ 8-107)

69. Plaintiff repeats and re-alleges Paragraphs 1 through 68 of this Complaint as if fully set forth herein.

70. At all relevant times, Defendants had a policy and practice of refusing to provide equal protection and non-discriminating working environment for workers of all nationalities.

71. Defendants deliberately, consciously, willfully and maliciously denied Plaintiff's request for adjustment that she deserves under the law and discriminated against Plaintiff's national origin and religion.

72. At all relevant times, Defendants had a policy and practice of discriminating against immigrant workers.

73. Defendants deliberately, consciously, willfully, and maliciously retaliated against Plaintiff when Plaintiff asked to perform work for only women due to her religion.

74. Defendants deliberately, consciously, willfully, and maliciously retaliated against Plaintiff when learned Plaintiff is an immigrant who speaks Uzbek as her primary language instead of English.

75. Defendants deliberately, consciously, willfully, and maliciously and forcefully terminated Plaintiff despite her performance for no apparent reason other than her nationality and creed.

76. By actions described above, among others, Defendants discriminated against Plaintiff by denying Plaintiff's reasonable requests, by discriminating on account of her national origin and religion and by wrongfully terminating her employment without showing good cause and reason.

77. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the NYSHRL and NYCAC, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

**AS AND FOR A FOURTH CAUSE OF ACTION
( IN VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW AND
NEW YORK CITY ADMINISTRATIVE CODE CHAPTER 1 §§ 8-107)**

78. Plaintiff repeats and re-alleges Paragraphs 1 through 77 of this Complaint as if fully set forth herein.

79. Defendants deliberately, consciously, willfully, and maliciously retaliated against Plaintiff when Plaintiff complained about not receiving the full amount of her overtime compensation for the actual hours she worked.

80. Defendants deliberately, consciously, willfully, and maliciously retaliated against Plaintiff by denying Plaintiff the same terms and conditions of employment available to other employees, by not providing advance notifications to Plaintiffs, and as a pre-text for retaliation, by commanding Plaintiffs to get COVID-19 booster vaccinations when the booster vaccination was only an optional choice and not a mandatory as per the CDC, and by wrongfully terminating her employment without showing good cause and reason.

81. By the actions described above, among others, Defendants' retaliation conducts against Plaintiff on the basis of her legit requests and complaints are in violation of the NYCHRL and NYCAC.

82. As a direct and proximate result of Defendants' unlawful and retaliation conducts in violation of the NYCHRL and NYCAC, Plaintiff has suffered, and continues to suffer harm for which she is entitled to an award of monetary damages and other relief, in addition to costs and reasonable attorney's fees.

83. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence and emotional pain and suffering for which Plaintiff is entitled to an award of damages.

84. Defendants' unlawful and retaliation actions constitute malicious, willful and wanton violations of the NYCHRL and NYCAC for which Plaintiff is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgement that the practices complained of herein are unlawful under the Laws of the State of New York as well as the New York Labor Law and the FLSA;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law in an amount to be determined at trial;

d. An award of "unpaid spread of hours" premium due under the New York Labor Law at an amount to be determined at trial;

e. An award of liquidated damages as a result of Defendants' willful failure to pay

overtime compensation, minimum wages and "spread of hours" premium pursuant to the New York Labor Law;

f. An award of liquidated damages in an amount equal to 100% of their damages as a result of Defendants' willful failure to pay overtime compensation wages pursuant to 29 U.S.C § 216;

g. An award of liquidated as a result of Defendants' willful failure to pay overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

h. An award of damages against Defendants, in an amount to be determined at trial, plus interest, to compensate for all non-monetary and/or compensatory damages, including, but not limited to, compensation for Plaintiff's **SAIERA GULAMOVA** mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

i. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff, including, but not limited to, loss of income, earned bonus pay, reputational harm and harm to professional reputation in an amount to be determined at trial;

j. An award of lost wages, benefits and other remuneration in an amount to be determined at trial;

k. An award of punitive damages as a result of Defendants' gross, wanton or willful fraud, dishonesty and malicious wrongdoing;

l. An award for damages against Defendants, in an amount to be determined at trial, plus interest, to compensate for all monetary and/or economic damages, but limited to, loss of past and future income, wages, compensation, seniority, and other benefits

    m. An award or statutory penalties, and prejudgment and post judgment interest;

    n. Prejudgment interest on all amounts due;

    o. An award of costs that Plaintiff has incurred in this action, including, but not limited to, expert witness fees, as well as Plaintiff's reasonable attorneys' fees and cost to the fullest extent permitted by law; and

    p. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: Bayside, New York
       September 26, 2022

Respectfully submitted,

Sang J Sim, Esq.
**Sim & DePaola, LLP**
psim@simdepaola.com
4240 Bell Blvd, Suite 405
Flushing, NY 11361
Tel: (718) 281-0400
*Attorneys for Plaintiffs and the Putative FLSA Collective*

## VERIFICATION

STATE OF NEW YORK )
)S.S:
COUNTY OF QUEENS )

Sang J Sim, Esq., being duly sworn states:

I, Sang J Sim, an attorney admitted to practice in the courts of New York State, state that I am a partner with the firm of SIM & DEPAOLA, LLP, the attorneys of record for Plaintiffs in the within action; I have read the foregoing and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by Plaintiffs, is because Plaintiffs reside outside the county where deponent maintains his office. I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: Bayside, New York
       September 26, 2022

Respectfully Submitted,

_____
Sang J Sim, Esq.
Sim & DePaola, LLP
*Attorneys for Defendants*
42-40 Bell Blvd., Suite 405
Bayside, NY 11361
T: 718-281-0400
F: 718-631-2700

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of ACCENTCARE OF NEW YORK, INC. d/b/a ACCENTCARE, and STEPHAN RODGERS and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me overtime wages and minimum wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Sim & DePaola, LLP without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.

_____        _____SAIERA GULAMOVA_____
Signature                                Printed Name

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SAIERA GULAMOVA, Individually and on Behalf of All Other Persons Similarly Situated,

Plaintiffs,

-against-

ACCENTCARE OF NEW YORK, INC. d/b/a ACCENTCARE, and STEPHAN RODGERS
Defendants.

## *COLLECTIVE ACTION COMPLAINT*

Sim & DePaola, LLP
*Attorneys for Plaintiff and FLSA Collective Plaintiff*
42-40 Bell Blvd.– Suite 405
Bayside, New York 11361
(718) 281-0400

TO: Defendants

Service of a copy of the within                                                                 is hereby admitted.

Dated:

_____
Attorneys for

**NOTICE OF ENTRY:**
**PLEASE TAKE NOTICE** that the within is a true copy of an order entered in office of the Clerk of the above Court on

**NOTICE OF SETTLEMENT:**
**PLEASE TAKE NOTICE** that the within proposed order will be presented for settlement and entry at the Courthouse on
At 10:00 a.m. at the office of the Clerk of the Part of this Court where the within described motion was heard.

**CERTIFICATION**
I hereby certify that, to the best of my knowledge, information and belief, the presentation of **SUMMONS & VERIFIED COMPLAINT** and the contentions therein are not frivolous as defined in Subsection (c) of Section 130-1.1 of the Rules of the Chief Administrator (22NYCRR).

Dated:   Queens, New York
         September 26, 2022

_____
Sang J Sim, Esq.
Attorneys for Plaintiff
As Designated Above