# SIM & DePAOLA, LLP

*Attorneys-at-Law*
42-40 Bell Blvd – Ste 405
Bayside, New York 11361
Tel: (718) 281-0400
Fax: (718) 631-2700

September 21, 2023

**VIA ECF**
District Judge Kiyo A. Matsumoto
United States District Court.
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11202

      Re: Gulamova v. AccentCare of New York, Inc. et al.
         EDNY Docket No.: 1:22-cv-05782 (KAM) (VMS)

Dear Judge Matsumoto:

  The undersigned is an associate of the law firm of Sim & DePaola, LLP, the attorneys of record for Saiera Gulamova, the Plaintiff in the above-referenced matter. The undersigned respectfully submits this letter motion seeking the Court's leave to enter into a negotiated settlement, the terms of which have been memorialized in writing. A proposed settlement agreement "Agreement" is annexed hereto as **Exhibit 1**. The parties represent and respectfully submit that the Agreement is a fair and reasonable resolution of this matter and respectfully request it be approved and this case dismissed in its entirety.

  **I.**  **Background**

  Plaintiff commenced this action against Defendants AccentCare of New York, Inc., d/b/a AccentCare, and Stephan Rogers, individually (collectively, "Defendants") seeking damages for unpaid overtime compensation under the New York Labor Law ("NYLL") and the Fair Labor Standards Act ("FLSA").

  By way of background, Plaintiff was employed by Defendants as a Home Health Aide. Plaintiff commenced working for the Defendants from approximately July 17, 2021 through approximately February 25, 2022 which comprised a period of about eight (8) months.

  Plaintiff alleges that she worked approximately sixty-nine (69) hours each week and, while Plaintiff received some overtime pay, Plaintiff's overtime hours allegedly were underreported and accordingly Plaintiff was not adequately compensated for her overtime hours.

Defendants contend that Plaintiff was properly and accurately paid in accordance with New York State and federal law. Defendants disputed the number of hours that Plaintiff worked each week and submit that Plaintiff was fully paid for all hours worked as demonstrated by its time and payroll records.

## II.   The Settlement is Fair and Reasonable

It is well settled that the Second Circuit Court of Appeals has held that settlements of FLSA claims require judicial approval. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206 (2d Cir. 2015) (holding that, "[r]ule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the District Court or the DOL to take effect"). A district court may approve an FLSA settlement between private litigants when the settlement is reached "as a result of contested litigation to resolve bona fide disputes." *Beckman v. Keybank*, 293 F.R.D. 467, 476 (S.D.N.Y. April 25, 2013) (internal citations omitted). In determining whether to approve an FLSA settlement, the Court must review the agreement to determine whether it is "fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d. 332, 335 (S.D.N.Y.02012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the Parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc.*, No. 11–0529–WS–B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013).

In determining whether to approve a proposed FLSA settlement, relevant factors include: (1) the Plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *See Camacho v. Ess-a-Bagel, Inc.,* Index No, 14-CV-2592, 2014 U.S. Dist. LEXIS 171649 (S.D.N.Y. Dec. 11. 2014)

It is apparent that the Agreement in this matter is a fair and reasonable resolution of the *bona fide* disputes between the Parties. This is because the Agreement: (1) enables the parties to avoid the possible substantial burdens and expenses of establishing their respective claims and defenses and accounts for the risks in proceeding with the litigation; and (2) is the product of arm's-length bargaining between experienced counsel which was completely devoid of any semblance of fraud or collusion. *See gen. Wolinsky*, 900 F. Supp. 2d at 335. Accordingly, it is respectfully requested that the Agreement be approved in its entirety.

### a.   The Risks and Expenses Faced by the Parties

Throughout the litigation of this matter, there were factual disputes over the value of Plaintiff's claims which bore on her potential recovery. Plaintiff alleges that she was not paid the appropriate overtime compensation for her hours worked beyond forty (40).

Defendants allege that Plaintiff was paid for all of the hours she worked and that such were documented. Defendants further contested the number of hours Plaintiff claims to have worked each week. Ultimately, these disputed issues, which go to the heart of Plaintiff's claims, increased the risk that Plaintiff would not recover a significant amount of the damages she sought.

Nevertheless and as a result of the Parties' extensive discussions, negotiations, and Court-facilitated mediation, Defendants have agreed to pay the settlement amount to resolve this matter.

The parties agree that pursuing this matter through trial will prove burdensome and costly. In this regard, the Parties agree the costs coupled with the uncertainty of further litigation renders the attached Agreement an objectively fair and reasonable compromise of a *bona fide* dispute. See Johnson v. Brennan, No. 10 Civ. 4712(CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept.16, 2011) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

**Settlement Range:** In this case, the potential maximum recovery for the backpay in this action based on Plaintiff's calculations was $25,155.00. This amount does not include liquidated damages. However, the Defendants asserted that the Plaintiff did not work more than the documented and paid overtime hours that materially affected Plaintiff's potential recovery. The Defendants vigorously challenge the number of hours worked claimed by the Plaintiff, which includes those included in Plaintiff's damage calculation. As such, any recovery for backpay could be reduced if Defendants were able to demonstrate that the Plaintiff was adequately paid. Therefore, there are substantial litigation risks for both parties to engage in protracted and costly litigation over these issues with no guarantee of recovery for the Plaintiff. We respectfully submit that a $27,500.00 settlement is fair for both parties.

    **b. The Agreement was the Product of Arm's Length Bargaining Devoid of Fraud or Collusion**

The proposed Agreement is also fair and reasonable because the Parties were represented by experienced counsel during the litigation and settlement process.

Each settling party is represented by experienced counsel. Each Counsel's practice focuses on litigation, including employment law and each individual attorney has experience in FLSA matters. Plaintiff's counsel is an attorney who has experience in litigating matters in State and Federal Court. As part of the litigation practice, Plaintiff's Counsel's office handles FLSA matters for both Plaintiffs and Defendants. Defendants' counsels' practice is focused on labor and employment matters, including but not limited to actions brought under the FLSA and NYLL.

Plaintiff's counsel zealously advocated on behalf of their client throughout, from mediation, to negotiating the amount of the settlement, to the terms of same. Similarly, Defendants' counsel worked to ensure that, at a minimum, Plaintiff would not receive any compensation beyond what she was potentially entitled. The contested issues demonstrate that there was no fraud or collusion. *Meigel v. Flowers of the World, NYC, Inc.,* No. 11-CV-465 (KBF), 2012 WL 70324 (S.D.N.Y. Jan. 9, 2012)(the Court held that the courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.)

The parties thereafter reached an agreement in principle which represented a substantial recovery for the Plaintiff of any monies allegedly due and a reasonable compromise on matters

requiring a trial to resolve. The Agreement constitutes an effort by experienced labor and employment counsel for all parties to fully resolve the disputes in the Complaint under the best possible circumstances for their respective clients.

Plaintiff is satisfied with the settlement amount and voluntarily and willingly entered into the Settlement Agreement.

### III.   Plaintiff's Attorneys' Fees are Fair and Reasonable

Pursuant to the retainer agreement between Plaintiff and Plaintiff's counsel, Plaintiff's attorneys are entitled to recover legal fees and legal disbursements made on the case. The disbursements totaled $932.00, which included the cost for the filing fee for the summons and complaint ($402.00), service of process fees ($105.00), and the fee for Resolute Dispute Resolution Nationwide's E.D.N.Y. mediation program ($425.00). Plaintiff's attorney fees would receive 33.33% of the net settlement of $27,500.00 settlement (equal to $9,1666.66) amount plus disbursements whose sum equals $9,628.66. *In Re Lawrence,* 24 N.Y.3d 320, 339 (2014) ("Absent incompetence, deception or overreaching, contingent fee agreements that are not void at the time of inception should be enforced as written"). As Judge Pitman explained, *Cheeks* does not require the Court to review a Plaintiff's fee arrangement with this attorney.

> I do not address the fee arrangement between plaintiff and his counsel because I do not believe I am required to do so under *Cheeks* … As described in *Cheeks,* the purpose of the FLSA is to regulate the relationship between an employee and his employer and to protect the employee from overreaching by the employer. I do not understand the FLSA to regulate the relationship between the employee as plaintiff and his counsel or to alter the freedom of contract between a client and his attorney.
>
> *Villalva-Zeferino v. Park*, No. 15-CV-6932 (HBP), 2016 WL 740387 (S.D.N.Y. Feb. 17, 2016); *Gutierrez v. 352 E. 86th St. Rest. Inc.,* No. 15 CV 2064, 2016 WL 750940 (S.D.N.Y. Feb. 19, 2016).

Plaintiff's counsel's total legal fees based on hourly billing are currently $16,329.00 which represents 39.70 hours worked on this file. A copy of contemporaneous time records is annexed hereto as **Exhibit 2**. Plaintiff's counsel understands that we would be taking a fee that is less than the attached billing statement in order to make this settlement fair and reasonable for the Plaintiff.

1. **Sang J. Sim's Experience:** Mr. Sim was admitted to the bar in 1996.  At the beginning of his career, he practiced international tax law representing Fortune 500 companies in both strategic planning and resolving tax controversies.  In 2003, Mr. Sim founded his own firm and has represented clients in thousands of litigation matters before the courts of this state and outside of this state.  Further, Mr. Sim has been counsel of hundreds of appeals, which included matters before New York appellate departments, the New York Court of Appeals, the Second Circuit Court of Appeal, the Ninth Circuit Court of Appeals and the Hawaii Supreme Court in a variety of cases.  Mr. Sim has

approximately 500 to 600 published decisions in which he prosecuted or defended on appeal. Mr. Sim has and currently serves as the attorney of record for dozens of wage and hour lawsuits in the Southern and Eastern District of New York both on the Plaintiff's and Defendant's side as well in New York State Courts.

2. **Sameer Nath's Experience:** The undersigned was admitted to practice law in 2016 in New York State Court and to date, has litigated thousands of cases on behalf of both Plaintiffs and Defendants. In August of 2020, the undersigned was admitted to practice law in the United States District Court for the Southern District of New York, followed thereafter by the Eastern District. The undersigned has appeared on numerous federal court matters including those related to police misconduct, department of correction cases, car accidents, this and other FLSA cases in the District Courts. Prior to working as an Associate at this firm, the undersigned had appeared on behalf of Plaintiffs on several different types of matters ranging from employment discrimination to automobile accidents to construction cases under the New York State Labor Law. At Sim & DePaola, for more than three (3) years, the undersigned has litigated, under Mr. Sim's guidance, FLSA and New York State Labor Law wage and hour cases on both the Plaintiff and Defense sides both in New York State Courts and in the aforesaid Federal District Courts.

The one-third legal fee request is a fair and reasonable amount, as it was not only agreed upon by the Plaintiff and counsel in the retainer agreement but is also routinely approved by Courts in the Second Circuit. Therefore, Plaintiff respectfully requests that the Court approve the settlement in this matter.

If Your Honor has any question in connection with the foregoing, please do not hesitate to contact the undersigned.

                                        Respectfully Submitted,

                                        /s/ Sameer Nath
                                        Sameer Nath, Esq.
                                        Attorney for Plaintiff